UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| PFLUGERVILLE INDEPENDENT | § | CASE NO. 1:23-CV-1174 |
| SCHOOL DISTRICT, | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## **APPENDIX TO NOTICE OF REMOVAL**

Documents in State court file, Cause No. 23-1634-C26; *Trulunda Howard v. Pflugerville Independent School District*, In the 26th Judicial District Court, Williamson County, Texas.

## DOCUMENTS IN STATE COURT FILE

1. Plaintiff's Original Petition and Jury Demand
2. Plaintiff's First Amended Petition and Jury Demand
3. Request for Issuance of Service of Citation
4. Citation
5. Defendant's Motion to Transfer Venue
6. Defendant's Original Answer Subject to its Motion to Transfer Venue
7. State court Docket Sheet

Filed 8/21/2023 3:03 PM
Lisa David, District Clerk
Williamson County, Texas
Michele Darlene Rodriguez

CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | IN THE DISTRICT COURT |
| | § | Williamson County - 26th Judicial District Court |
| Plaintiff | § | |
| | § | _____ JUDICIAL DISTRICT |
| -v- | § | |
| | § | |
| CITY OF AUSTIN, | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| Defendant. | § | |

---

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

---

NOW COMES Plaintiff Trulunda Howard and files Plaintiff's Original Petition.

While employed by Defendant Pflugerville ISD, Plaintiff experienced considerable harassment, discrimination, and retaliation on the basis of her race. She was the subject of various false complaints and accusations for which she faced undeserved disciplinary action. School administration went out of their way to humiliate her on numerous occasions, including a notorious incident where she was forced to have slime poured onto her in front of the entire student body.

Plaintiff developed severe mental anguish that caused illnesses and headaches. Plaintiff was constantly yelled at, berated, and verbally assaulted. The parties responsible were never disciplined in any manner and administration even went so far as to deny such treatment was even occurring. Such conduct violates the Civil Rights Act and the Texas Labor Code.

Envelope# 78748215



## I. PARTIES AND DISCOVERY PLAN

1.      Plaintiff Trulunda Howard ("Ms. Howard") is an African American Assistant Principal residing in Pflugerville, TX.

2.      Defendant, Pflugerville ISD is a public school district located in Pflugerville, TX. Defendant may be served via its superintendent, Dr. Douglas Killian, at 1401 W. Pecan St, Pflugerville, TX 78660.

3.      Ms. Howard intends that this suit be governed by discovery level control two.

4.      Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks    relief over $250,000 but not more than $1,000,000.00.

5.      Specifically, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

## II. JURISDICTION AND VENUE

6.      This Court has original jurisdiction to hear the federal claims, this action being brought under 42 U.S.C. § 2000e–2 and 42 U.S.C § 2000e-3.

7.      This Court has jurisdiction over the state law claims under Chapter 21 of the Texas Labor Code.

8.      Venue is appropriate because the acts giving rise to this lawsuit occurred within the Williamson County.

## III. FACTS

9.      Plaintiff was hired by Defendant to work for Dessau Middle School as an Assistant Principal on July 10, 2020.

10.    Plaintiff experienced continuous harassment, discrimination, and retaliation from teachers, staff, and members of the district leadership and HR department. This did not happen to non-black faculty and staff.

11.    This included a series of false complaints and grievances made against Ms. Howard.

12.    On February 10, 2021, Plaintiff was summoned to a meeting with Lacey Ajibola ("Mrs. Ajibola") and Teacher Alfredo Obregón ("Mr. Obregón").

13.    Plaintiff had informed Mrs. Ajibola of anonymous complaints against Mr. Obregón, accusing him of using racial slurs against students, for which he is still yet to be disciplined.

14.    Rather than focusing on his conduct, Mrs. Ajibola focused the meeting on Mr. Obregón's retaliatory false accusations that Plaintiff had publicly identified the students that made such complaints against him.

15.    During this meeting Plaintiff learned that she was also the subject of an investigation by her fellow Assistant Principals. Plaintiff asked Mrs. Ajibola if they had the authority to investigate her, to which she did not receive a straight answer.

16.    Plaintiff filed a complaint against the invasive investigations which was ignored by Pflugerville ISD Director of HR Willie Watson ("Mr. Watson").

17.    On February 12, 2021, Plaintiff met Mrs. Ajibola and HR professionals via Zoom. She was threatened with termination based on false anonymous complaints of inappropriate conversations with students, disrespect towards teachers, rude emails, and not performing her job duties.



18.    Plaintiff contended that those complaints were false, to which she was told that even if that was true, if teachers were so offended by her that they would file false complaints she should still be punished. Such Kafka-esque reasoning was never used to justify blame or punishment towards non-black employees.

19.    On February 26, 2021, Plaintiff met with Mr. Watson who falsely accused her of not performing her job duties. Despite providing evidence that she had never failed to complete an assigned task nor missed a deadline, Mr. Watson still threatened her with disciplinary measures.

20.    On March 30, 2021, Plaintiff discovered Dessau Middle School 7th Grade Counselor Erika Gonzalez ("Mrs. Gonzalez") had sat on a Special Education referral for three weeks, which is a violation of district and state guidelines. This was the third time Mrs. Gonzalez had made such an error within the past school year.

21.    Plaintiff informed Mrs. Ajibola of the error and was told to invite her to a meeting to discuss the matter.

22.    In retaliation, Mrs. Gonzalez filed a false grievance against Plaintiff, accusing her of intimidation. Plaintiff filed a counter-grievance, pointing out that she was following a direct order from Principal Ajibola.

23.    Mrs. Ajibola did not come forward and state she gave Plaintiff the directive but rather followed through with Mrs. Gonzalez's grievance. Plaintiff requested to file a counter-grievance against Mrs. Gonzalez, but was told that she was not allowed to file a grievance by Dr. Dawson.



24.     In April 2021, Mrs. Ajibola held a meeting with Plaintiff and Campus Special Education Behavior Teacher Mrs. Kelsey Shoepe, ("Mrs. Shoepe").

25.     Plaintiff had previously informed Mrs. Ajibola that the Special Education Department were not complying with applicable campus, district, and state standards for providing needs to special education students. Mrs. Ajibola was well aware of the Special Ed. Team being out of compliance as the district Sped Dept. was called upon often to help get the Special Ed. Dept back in compliance.

26.     Ms. Shoepe retaliated by filing a series of false complaints accusing Plaintiff of breaking confidentiality, not supporting students, and not following Special Education guidelines, and getting in their "business".

27.     Rather than discussing the failures of the Special Education Department, Mrs. Ajibola remained silent as Plaintiff was berated by Mrs. Shoepe for not staying out of her space.

28.     Plaintiff explained it was her duty as an administrator and mandatory reporter to ensure campus, district and state policies were being followed especially as they pertained to the needs of special education students.

29.     Despite this, Mrs. Ajibola requested a follow-up meeting, to which Plaintiff stated she would not attend unless the District Behavior Team was present. Despite their willingness to attend and Mrs. Ajibola's initial approval, she later reversed course and did not permit them to.

30.     Plaintiff naturally refused to attend the follow-up meeting for which she was subject to disciplinary action. Plaintiff filed an appeal with Mr. Watson. In response,



he threatened her, informing her that the Superintendent knew her name and the complaints against her.

31.     Assistant Superintendent of Pflugerville ISD Brandy Baker later directly reached out to Plaintiff about her appeal, which she dropped out of fear of retaliation.

32.     On May 4, 2021, Mrs. Shoepe and Mrs. Daniette Davis, in a further act of retaliation, falsely informed the parents of a 6th Grade Special Education student that Plaintiff had called the police on him.

33.     Mrs. Shoepe attempted to coerce the parents to go to the superintendent with this complaint, who called the school and spoke with Plaintiff and Mrs. Ajibola.

34.     The complaints filed by Mrs. Shoepe were found to be unsubstantiated, yet no disciplinary action was taken against her.

35.     Plaintiff later discovered that Special Education Coordinator Mona Livengood ("Mrs. Livengood") was coercing teachers into filing false complaints against her.

36.     Various staff had informed Mrs. Ajibola of the attempts by Mrs. Livengood, Mrs. Shoepe, Mrs. Davis, Mr. Hamilton, Mr. Mullinax, Mrs. Norris, Mrs. Ruiz, and Mrs. Angela LaCroix to get Plaintiff terminated.  None have faced disciplinary action.

37.     Mrs. Howard turned in written statements from EA's and teachers that proved Mrs. Livengood and the teachers were meeting in Mrs. Livengood's classroom plotting out how they were going to file false complaints and grievances against Mrs. Howard. They would also meet to work together on the wording for those false complaints and would discuss each time a complaint was sent in. All of this documentation was given to Mrs. Ajibola who turned it all over to Mr. Watson.



38.    On May 21, 2021, the Plaintiff filed a Grievance against Mona Livengood for filing false claims against her, soliciting other staff to gang up on her & falsely accuse her, slander, and more.

39.    Mr. Watson called the Plantiff two weeks later and told the Plantiff that administrators could not file grievances against teachers. He then instructed the Plantiff to email him stating that she was rescinding her grievance and that he would schedule a meeting with the Plaintiff and Mrs. Ajibola later. That meeting never took place. Mr. Watson informed Plaintiff that he would meet with her and Mrs. Ajibola to discuss the false complaints made against her on another occasion. No such meeting has ever occurred.

40.    On May 25, 2021, during a Community Meeting with over 400 plus people, Mrs. Ajibola informed Plaintiff that she would be covered in slime in front of the entire student body based on the vote of the students. Plaintiff was not asked for consent prior to this vote and developed major anxiety. Plaintiff expressed multiple times she did not want to be slimed. Plaintiff stated she did not wish to participate but felt obligated to.

41.    Former Dessau Middle School Secretary Angelica Botello stated she believed this was done to humiliate Plaintiff by the principal as the principal was aware of all the teachers and staff who did not like Ms. Howard.

42.    Prior to the event, Ms. Howard asked staff to leave as she did not wish to be embarrassed in front of them. Mrs. Ajibola also asked various staff members to leave



and some only did so after being defiant and initially refusing. Many hid under tables and in the audience so they could personally witness Plaintiff's humiliation.

43.    The Principal's Secretary Melissa Torres, prior to leaving, walked up to the Plaintiff, stood on her toes and got nose to nose with the Plaintiff, then told the Plaintiff to "Kiss her You Know What" while placing her hand on her posterior in the presence of the entire student body and Mrs. Ajibola.

44.    On May 26, 2021, Plaintiff was "slimed" by Mrs. Ajibola in front of the entire student body. Plaintiff asked for a student to pour the slime over her, however Mrs. Ajibola insisted she personally do so.

45.    Plaintiff had been told the day prior that the slime would be made of jell-o, pudding and food coloring-a nontoxic mixture to the hair. However, the day of the slime show, the principal decided to change the ingredients without telling the Plaintiff to paste. The slime was a thick paste and after poured in the Plantiff's hair, had hardened to the extent that, afterwards, Plaintiff had to remove massive portions of her hair leaving her with bald spots. This caused major humiliation to the Plaintiff and the principal never apologized.

46.    Later, the Plaintiff discovered that teachers who slipped into the Slime Show actually took out their phones and recorded it.  These teachers then sent out the videos via text message and chat, as well as posted them in social media groups.  This caused further humiliation for Plaintiff. The principal was aware of this and never did anything or said anything to stop it.



47.    After, Plaintiff reported the secretary's vulgar comment. However, Mrs. Ajibola refused to reprimand her secretary for this behavior. Instead, she appeared more upset with Plaintiff for her reluctance to be slimed and not wanting to be humiliated in front of her coworkers and yelled at the Plaintiff, "How dare you not do as I tell you! You do as I tell you! You do as I tell you!"

48.    Plaintiff met with Mr. Watson to have an investigation and written reprimand issued against the secretary, since the principal was unwilling to do so, to which he replied that she (Plaintiff) must have provoked the Secretary.

49.    On May 27, 2021, Plaintiff met with Mrs. Ajibola for her Appraisal. She was given two negative marks on her evaluation for communication and was told she had to complete training. This was purportedly due to Plaintiff's unwillingness to attend the follow-up meeting with Mrs. Shoepe outside the presence of the District Behavior Team, despite Mrs. Ajibola initially approving their presence. Plaintiff spent $250 on a Life Coach, in addition to the training, to support Mrs. Ajibola's claim for "communication" because the Plaintiff was afraid for her job. Plaintiff spent the summer meeting 3-5 days per week with the Life Coach.

50.    In June 2021, Mr. Watson once against threatened Plaintiff informing her that she was a problem, and the Superintendent knew she was a problem. He also engaged in victim blaming, telling her once again that she must be doing something to offend these teachers as he knows them, and they would not lie. In other words, non-black teachers are given the benefit of the doubt regarding their false allegations, while Plaintiff was accused of provoking their harassment. Mr. Watson repeatedly accused



and repeatedly blamed the Plaintiff of provoking the staff and teachers at Dessau Middle School.

51.    On July 6, 2021, Plaintiff was told to return to work three days early by the principal, even though the Plaintiff was still off contract. During that time, the Plaintiff conducted interviews as part of an interview panel to hire a new employee.

52.    On July 7, 2021, false complaints were filed against Plaintiff accusing her of commenting that an interview panel should not recommend a candidate because she is white. Plaintiff was additionally falsely accused of stating "You wouldn't know what it is like to be black."

53.    Dessau Middle School Teachers Mrs. Deidra Raney, Mr. Quincy Holland in addition to Mrs. Ajibola were witnesses to the event and affirm that Plaintiff never made such a statement. Mr. Holland additionally states Mr. Watson never interviewed him during an investigation into the matter. Furthermore, Ms. Friesen, a white teacher who was there did provide a statement stating that she did not hear Mrs. Howard make that statement.

54.    During a training session the week of July 27, 2021, Plaintiff informed Dessau Middle School Testing Coordinator Kelly Bertholf ("Mrs. Bertholf") that she needed to ask her a question in private.

55.    Mrs. Bertholf responded by calling out "No. you will not. You will ask everyone. I'm not going to answer you!" She turned to everyone and said, "Everyone, wait so you can hear Ms. Howard's question! Ask! Ask!"



56.    After the session Plaintiff attempted again to speak with Mrs. Bertholf, who refused to answer her questions and spoke to her in a demeaning manner. Plaintiff filed a complaint against Mrs. Bertholf that night, which went ignored. The next morning, the Plaintiff was called into Mrs. Ajibola's office and told she was taken off testing because Mrs. Bertholf refused to work with her. When the Plaintiff questioned it, and told Mrs. Ajiobla that it was retaliation, Mrs. Ajibola stated, "Blame Dr. Dawson! He told me to do it."

57.    On August 11, 2021, Mr. Watson presented Plaintiff with a retaliatory written reprimand for two unsubstantiated grievances regarding her conduct during the aforementioned interviews. During that same meeting, the Plaintiff stated she did not make those comments. The principal, when asked by Mr. Watson, also stated she never heard the Plaintiff make those comments either. Mr. Watson continued to move forward with the written reprimand, stating, "Well, the two teachers feel you did say it."

58.    Mrs. Ajibola later informed Plaintiff that one grievance was dropped two days later, and the individual that filed the other grievance attempted to drop it but was prevented from doing so by Dr. Watson.

59.    She also told Plaintiff that both grievances were already found to be unsubstantiated by Mr. Watson prior to Plaintiff filing the complaint against Mrs. Bertholf. Plaintiff filed a rebuttal to remove her reprimand, which was ignored.

60.    On July 11, 2021, Plaintiff was taken off the interview committee because the two white teachers stated they did not feel comfortable with the Plaintiff being a part



of the committee. This was largely due to the false complaints filed by the two teachers by Willie Watson. There were no other committee members removed or investigated.

61.    On August 20, 2021, yet another false accusation was made against Plaintiff, this time by an Educational Associate, Portia Stallion. She falsely claimed that Plaintiff bragged about being the reason other employees were dismissed, threatened to get her in trouble and approved the release of confidential information about a student to every teacher in the school.

62.    On September 1, 2021, Ms. Stallion falsely accused Plaintiff of yelling at students, undermining her, putting fingers in students faces and talking poorly about staff to other staff members.

63.    On September 1, 2021, Plaintiff and her prior counsel, Mr. Tiger Hanner, ("Mr. Hanner") filed a Level II grievance requesting a removal of her reprimand, a copy of her personnel records and a transfer to another campus. In that grievance, Plaintiff specifically discusses how she was being treated differently than "non-minority teachers from the campus."

64.    On September 17, 2021, Plaintiff later released Mr. Hanner as her counsel. She informed Mr. Watson she was withdrawing her request to move to another campus. Mr. Hanner also advised Mr. Watson of the Plaintiff's desire to withdraw her request to move to another campus. Despite this, on October 5, 2021, Plaintiff was transferred to Kelly Lane Middle School.



65.    Kelly Lane Middle School is a Non-Title One campus, majority white students, high socio-economic status, and radically different from Dessau Middle School, a Title-One campus, majority minority students, low socio-economic status, and Plaintiff did not feel comfortable in this new environment.

66.    On October 6, 2021, Mr. Watson emailed the Plaintiff asking her to drop her grievance. When she refused, he tried to force her to meet with him to hold a Level I Grievance, hosted by him. He additionally threatened to drop Plaintiff's case and falsely stated that Mr. Hanner did not make him aware she did not want to be moved.

67.    Mr. Watson continuously sent emails demanding that Plaintiff meet with him alone the following day, to which she naturally refused. He also refused to set Plaintiff's grievance at Level II, despite her request, or recuse himself despite being the subject of the grievance. Mr. Watson began showing up at Kelly Lane for weekly visits during the day and evening on a regular basis, to include evening games, walking the campus to speak with staff, to pass out PFISD information, and peruse the campus. The principal, other AP's, counselors, and teachers were all questioning why Mr. Watson was continually showing up unannounced at Kelly Lane so much. The principal stated in the nine years she had been in Kelly Lane she had never seen Mr. Watson on her campus that much. In fact, she stated Mr. Watson had been on her *campus more since Ms. Howard was transferred to Kelly Lane than he had been in the nine years she was principal.*



68.    On November 3, 2021, the hearing for Plaintiff's grievance began, presided over by Mr. Watson. He was repeatedly asked why he did not recuse himself, but he refused to answer.

69.    On November 17, 2021, Mr. Watson issued his decision and refused to transfer Plaintiff back to Dessau Middle School, issue an apology, or even allow a correction to Plaintiff's 2020 performance evaluation that was heavily influenced by the unsubstantiated complaints against her.

70.    On December 12, 2021, Plaintiff filed a Level II appeal.

71.    On January 20, 2022, a hearing for her appeal was held, but the Defendant still refused to provide Plaintiff all of the relief she sought.

72.    During her tenure at Kelly Lane Middle School, Plaintiff was subject to an unreasonably high workload resulting in stress, physical illness, and injuries to her back, legs, and feet. Plaintiff worked in fear of continually being fired, harassed, or retaliated against by PFISD, as Mr. Watson began to make frequent visits to Kelly Lane Middle School as a means to intimidate the Plaintiff with his presence. The Plaintiff was given a much larger work and task load than her peers, the other two white AP's, which was unfair and questioned by the Plaintiff.

73.    On June 27, 2022, because of continuous harassment, severe stress and intolerable working conditions that consequently resulted in the development of severe anxiety, depression, and endangered her health, Plaintiff had no choice but to resign from her position at Kelly Lane Middle School.



74.    On February 7, 2022, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission.

75.    The EEOC issued a right to sue on May 22, 2023 and 180 days have passed since the charge was filed with the Texas Workforce Commission.

76.    All conditions precedent to the bringing of this suit have been met.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 2000e-2

77.    Plaintiff incorporates paragraphs 1-73 as if restated herein.

78.    Plaintiff is a member of a protected class as she is an African American woman.

79.    Plaintiff was qualified for her position.

80.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements.

81.    Plaintiff also experienced an adverse action when she was left no choice but to resign due to working conditions that no reasonable person would have found tolerable.

82.    Similarly situated individuals were treated far more favorably than Plaintiff. Assistant Principals and other similar staff who were not of African American descent did not face such harassment, nor were they disciplined for unsubstantiated incidents, or threatened with discipline.

### V. SECOND CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 2000e-3

83.    Plaintiff incorporates paragraphs 1-79 as if restated herein.



84.    A protected activity entails any act of opposition towards a violation of the Civil Rights Act.

85.    Plaintiff engaged in a protected activity when, among other things detailed above, she opposed her differential treatment from "non-minority teachers at [the] campus."

86.    Pflugerville ISD was well aware of her complaints as she filed them within the district's internal complaint system.

87.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements, as well as being forced to resign.

88.    As described in the fact section above, a causal connection exists between these adverse actions and Plaintiff's protected activity.

## VI. THIRD CAUSE OF ACTION: VIOLATION OF TEXAS LABOR CODE CHAPTER 21.051

89.    Plaintiff incorporates paragraphs 1-85 as if restated herein.

90.    Plaintiff has exhausted all available administrative remedies having filed a claim with the Texas Workforce Commission on February 7, 2022 and more than 180 days have passed entitling her to a right to sue.

91.    Plaintiff is a member of a protected class as she is an African American woman.

92.    Plaintiff was qualified for her position.

93.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into



participating into humiliating acts such as the notorious "sliming" and constant verbal beratements.

94.    Plaintiff also experienced an adverse action when she was left no choice but to resign due to a work environment that no reasonable person would have found tolerable.

95.    As described above, similarly situated individuals were treated far more favorably than Plaintiff.

## VII. FOURTH CAUSE OF ACTION: VIOLATION OF TEXAS LABOR CODE CHAPTER 21.055

96.    Plaintiff incorporates paragraphs 1-92 as if restated herein.

97.    Plaintiff has exhausted all available administrative remedies having filed a claim with the Texas Workforce Commission on February 7, 2022 and 180 days have passed.

98.    Plaintiff engaged in a protected activity as she participated in a valid complaint process to report that she was being treated differently than non-minority teachers.

99.    Pflugerville ISD was well aware of her complaints as she filed them within the district's internal complaint system.

100.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements, and was forced to resign.



101.   As described in the fact section above, a causal connection exists between these adverse actions and Plaintiff's protected activity.

## VII. JURY DEMAND

102.   Plaintiff demands trial by jury.

## IX. DAMAGES

103.   Plaintiff seeks all damages allowed under the law, including monetary relief like back pay, benefits, lost wages and:

(a)   Plaintiff seeks additional equitable relief as may be appropriate such as promotion, front pay, and court costs.

(b)   Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical expenses, and other nonpecuniary losses.

(c)   Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(d)   Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
WILEY WALSH, P.C.

By: _____/s/ Maaz Asif_____
Colin Walsh



Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment*
*Law*
Maaz Asif
Texas Bar No. 24135000

WILEY WALSH, P.C.
1011 San Jacinto Blvd., ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 201-1263
colin@wileywalsh.com
ATTORNEYS FOR PLAINTIFF



## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 78748215
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition and Jury Demand-EV#
78748215**Letter requesting for issuance needed to get filed**
Status as of 8/21/2023 4:59 PM CST

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maaz Asif | | MAsif@RobWiley.com | 8/21/2023 3:03:24 PM | SENT |
| Colin Walsh | | Colin@WileyWalsh.com | 8/21/2023 3:03:24 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20___

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY _____ DEPUTY

Filed: 8/25/2023 7:12 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | 26th JUDICIAL DISTRICT |
| -v- | § | |
| | § | |
| PFLUGERVILLE ISD, | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| Defendant. | § | |

---

## PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

---

NOW COMES Plaintiff Trulunda Howard and files Plaintiff's First Amended Petition.

While employed by Defendant Pflugerville ISD, Plaintiff experienced considerable harassment, discrimination, and retaliation on the basis of her race. She was the subject of various false complaints and accusations for which she faced undeserved disciplinary action. School administration went out of their way to humiliate her on numerous occasions, including a notorious incident where she was forced to have slime poured onto her in front of the entire student body.

Plaintiff developed severe mental anguish that caused illnesses and headaches. Plaintiff was constantly yelled at, berated, and verbally assaulted. The parties responsible were never disciplined in any manner and administration even went so far as to deny such treatment was even occurring. Such conduct violates the Civil Rights Act and the Texas Labor Code.

Envelope# 78946750



## I. PARTIES AND DISCOVERY PLAN

1.      Plaintiff Trulunda Howard ("Ms. Howard") is an African American Assistant Principal residing in Pflugerville, TX.

2.      Defendant, Pflugerville ISD is a public school district located in Pflugerville, TX. Defendant may be served via its superintendent, Dr. Douglas Killian, at 1401 W. Pecan St, Pflugerville, TX 78660.

3.      Ms. Howard intends that this suit be governed by discovery level control two.

4.      Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks  relief over $250,000 but not more than $1,000,000.00.

5.      Specifically, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.00.

## II. JURISDICTION AND VENUE

6.      This Court has original jurisdiction to hear the federal claims, this action being brought under 42 U.S.C. § 2000e–2 and 42 U.S.C § 2000e-3.

7.      This Court has jurisdiction over the state law claims under Chapter 21 of the Texas Labor Code.

8.      Venue is appropriate because the acts giving rise to this lawsuit occurred within the Williamson County.

## III. FACTS

9.      Plaintiff was hired by Defendant to work for Dessau Middle School as an Assistant Principal on July 10, 2020.



10.    Plaintiff experienced continuous harassment, discrimination, and retaliation from teachers, staff, and members of the district leadership and HR department. This did not happen to non-black faculty and staff.

11.    This included a series of false complaints and grievances made against Ms. Howard.

12.    On February 10, 2021, Plaintiff was summoned to a meeting with Lacey Ajibola ("Mrs. Ajibola") and Teacher Alfredo Obregón ("Mr. Obregón").

13.    Plaintiff had informed Mrs. Ajibola of anonymous complaints against Mr. Obregón, accusing him of using racial slurs against students, for which he is still yet to be disciplined.

14.    Rather than focusing on his conduct, Mrs. Ajibola focused the meeting on Mr. Obregón's retaliatory false accusations that Plaintiff had publicly identified the students that made such complaints against him.

15.    During this meeting Plaintiff learned that she was also the subject of an investigation by her fellow Assistant Principals. Plaintiff asked Mrs. Ajibola if they had the authority to investigate her, to which she did not receive a straight answer.

16.    Plaintiff filed a complaint against the invasive investigations which was ignored by Pflugerville ISD Director of HR Willie Watson ("Mr. Watson").

17.    On February 12, 2021, Plaintiff met Mrs. Ajibola and HR professionals via Zoom. She was threatened with termination based on false anonymous complaints of inappropriate conversations with students, disrespect towards teachers, rude emails, and not performing her job duties.



18.    Plaintiff contended that those complaints were false, to which she was told that even if that was true, if teachers were so offended by her that they would file false complaints she should still be punished.  Such Kafka-esque reasoning was never used to justify blame or punishment towards non-black employees.

19.    On February 26, 2021, Plaintiff met with Mr. Watson who falsely accused her of not performing her job duties. Despite providing evidence that she had never failed to complete an assigned task nor missed a deadline, Mr. Watson still threatened her with disciplinary measures.

20.    On March 30, 2021, Plaintiff discovered Dessau Middle School 7th Grade Counselor Erika Gonzalez ("Mrs. Gonzalez") had sat on a Special Education referral for three weeks, which is a violation of district and state guidelines. This was the third time Mrs. Gonzalez had made such an error within the past school year.

21.    Plaintiff informed Mrs. Ajibola of the error and was told to invite her to a meeting to discuss the matter.

22.    In retaliation, Mrs. Gonzalez filed a false grievance against Plaintiff, accusing her of intimidation. Plaintiff filed a counter-grievance, pointing out that she was following a direct order from Principal Ajibola.

23.    Mrs. Ajibola did not come forward and state she gave Plaintiff the directive but rather followed through with Mrs. Gonzalez's grievance. Plaintiff requested to file a counter-grievance against Mrs. Gonzalez, but was told that she was not allowed to file a grievance by Dr. Dawson.



24.     In April 2021, Mrs. Ajibola held a meeting with Plaintiff and Campus Special Education Behavior Teacher Mrs. Kelsey Shoepe, ("Mrs. Shoepe").

25.     Plaintiff had previously informed Mrs. Ajibola that the Special Education Department were not complying with applicable campus, district, and state standards for providing needs to special education students. Mrs. Ajibola was well aware of the Special Ed. Team being out of compliance as the district Sped Dept. was called upon often to help get the Special Ed. Dept back in compliance.

26.     Ms. Shoepe retaliated by filing a series of false complaints accusing Plaintiff of breaking confidentiality, not supporting students, and not following Special Education guidelines, and getting in their "business".

27.     Rather than discussing the failures of the Special Education Department, Mrs. Ajibola remained silent as Plaintiff was berated by Mrs. Shoepe for not staying out of her space.

28.     Plaintiff explained it was her duty as an administrator and mandatory reporter to ensure campus, district and state policies were being followed especially as they pertained to the needs of special education students.

29.     Despite this, Mrs. Ajibola requested a follow-up meeting, to which Plaintiff stated she would not attend unless the District Behavior Team was present. Despite their willingness to attend and Mrs. Ajibola's initial approval, she later reversed course and did not permit them to.

30.     Plaintiff naturally refused to attend the follow-up meeting for which she was subject to disciplinary action. Plaintiff filed an appeal with Mr. Watson. In response,



he threatened her, informing her that the Superintendent knew her name and the complaints against her.

31.    Assistant Superintendent of Pflugerville ISD Brandy Baker later directly reached out to Plaintiff about her appeal, which she dropped out of fear of retaliation.

32.    On May 4, 2021, Mrs. Shoepe and Mrs. Daniette Davis, in a further act of retaliation, falsely informed the parents of a 6th Grade Special Education student that Plaintiff had called the police on him.

33.    Mrs. Shoepe attempted to coerce the parents to go to the superintendent with this complaint, who called the school and spoke with Plaintiff and Mrs. Ajibola.

34.    The complaints filed by Mrs. Shoepe were found to be unsubstantiated, yet no disciplinary action was taken against her.

35.    Plaintiff later discovered that Special Education Coordinator Mona Livengood ("Mrs. Livengood") was coercing teachers into filing false complaints against her.

36.    Various staff had informed Mrs. Ajibola of the attempts by Mrs. Livengood, Mrs. Shoepe, Mrs. Davis, Mr. Hamilton, Mr. Mullinax, Mrs. Norris, Mrs. Ruiz, and Mrs. Angela LaCroix to get Plaintiff terminated.  None have faced disciplinary action.

37.    Mrs. Howard turned in written statements from EA's and teachers that proved Mrs. Livengood and the teachers were meeting in Mrs. Livengood's classroom plotting out how they were going to file false complaints and grievances against Mrs. Howard. They would also meet to work together on the wording for those false complaints and would discuss each time a complaint was sent in. All of this documentation was given to Mrs. Ajibola who turned it all over to Mr. Watson.



38.    On May 21, 2021, the Plaintiff filed a Grievance against Mona Livengood for filing false claims against her, soliciting other staff to gang up on her & falsely accuse her, slander, and more.

39.    Mr. Watson called the Plantiff two weeks later and told the Plantiff that administrators could not file grievances against teachers. He then instructed the Plantiff to email him stating that she was rescinding her grievance and that he would schedule a meeting with the Plaintiff and Mrs. Ajibola later. That meeting never took place. Mr. Watson informed Plaintiff that he would meet with her and Mrs. Ajibola to discuss the false complaints made against her on another occasion. No such meeting has ever occurred.

40.    On May 25, 2021, during a Community Meeting with over 400 plus people, Mrs. Ajibola informed Plaintiff that she would be covered in slime in front of the entire student body based on the vote of the students. Plaintiff was not asked for consent prior to this vote and developed major anxiety. Plaintiff expressed multiple times she did not want to be slimed. Plaintiff stated she did not wish to participate but felt obligated to.

41.    Former Dessau Middle School Secretary Angelica Botello stated she believed this was done to humiliate Plaintiff by the principal as the principal was aware of all the teachers and staff who did not like Ms. Howard.

42.    Prior to the event, Ms. Howard asked staff to leave as she did not wish to be embarrassed in front of them. Mrs. Ajibola also asked various staff members to leave



and some only did so after being defiant and initially refusing. Many hid under tables and in the audience so they could personally witness Plaintiff's humiliation.

43.    The Principal's Secretary Melissa Torres, prior to leaving, walked up to the Plaintiff, stood on her toes and got nose to nose with the Plaintiff, then told the Plaintiff to "Kiss her You Know What" while placing her hand on her posterior in the presence of the entire student body and Mrs. Ajibola.

44.    On May 26, 2021, Plaintiff was "slimed" by Mrs. Ajibola in front of the entire student body. Plaintiff asked for a student to pour the slime over her, however Mrs. Ajibola insisted she personally do so.

45.    Plaintiff had been told the day prior that the slime would be made of jell-o, pudding and food coloring-a nontoxic mixture to the hair. However, the day of the slime show, the principal decided to change the ingredients without telling the Plaintiff to paste. The slime was a thick paste and after poured in the Plantiff's hair, had hardened to the extent that, afterwards, Plaintiff had to remove massive portions of her hair leaving her with bald spots. This caused major humiliation to the Plaintiff and the principal never apologized.

46.    Later, the Plaintiff discovered that teachers who slipped into the Slime Show actually took out their phones and recorded it.  These teachers then sent out the videos via text message and chat, as well as posted them in social media groups.  This caused further humiliation for Plaintiff. The principal was aware of this and never did anything or said anything to stop it.



47.     After, Plaintiff reported the secretary's vulgar comment. However, Mrs. Ajibola refused to reprimand her secretary for this behavior. Instead, she appeared more upset with Plaintiff for her reluctance to be slimed and not wanting to be humiliated in front of her coworkers and yelled at the Plaintiff, "How dare you not do as I tell you! You do as I tell you! You do as I tell you!"

48.     Plaintiff met with Mr. Watson to have an investigation and written reprimand issued against the secretary, since the principal was unwilling to do so, to which he replied that she (Plaintiff) must have provoked the Secretary.

49.     On May 27, 2021, Plaintiff met with Mrs. Ajibola for her Appraisal. She was given two negative marks on her evaluation for communication and was told she had to complete training. This was purportedly due to Plaintiff's unwillingness to attend the follow-up meeting with Mrs. Shoepe outside the presence of the District Behavior Team, despite Mrs. Ajibola initially approving their presence. Plaintiff spent $250 on a Life Coach, in addition to the training, to support Mrs. Ajibola's claim for "communication" because the Plaintiff was afraid for her job. Plaintiff spent the summer meeting 3-5 days per week with the Life Coach.

50.     In June 2021, Mr. Watson once against threatened Plaintiff informing her that she was a problem, and the Superintendent knew she was a problem. He also engaged in victim blaming, telling her once again that she must be doing something to offend these teachers as he knows them, and they would not lie. In other words, non-black teachers are given the benefit of the doubt regarding their false allegations, while Plaintiff was accused of provoking their harassment. Mr. Watson repeatedly accused



and repeatedly blamed the Plaintiff of provoking the staff and teachers at Dessau Middle School.

51.     On July 6, 2021, Plaintiff was told to return to work three days early by the principal, even though the Plaintiff was still off contract. During that time, the Plaintiff conducted interviews as part of an interview panel to hire a new employee.

52.     On July 7, 2021, false complaints were filed against Plaintiff accusing her of commenting that an interview panel should not recommend a candidate because she is white. Plaintiff was additionally falsely accused of stating "You wouldn't know what it is like to be black."

53.     Dessau Middle School Teachers Mrs. Deidra Raney, Mr. Quincy Holland in addition to Mrs. Ajibola were witnesses to the event and affirm that Plaintiff never made such a statement. Mr. Holland additionally states Mr. Watson never interviewed him during an investigation into the matter. Furthermore, Ms. Friesen, a white teacher who was there did provide a statement stating that she did not hear Mrs. Howard make that statement.

54.     During a training session the week of July 27, 2021, Plaintiff informed Dessau Middle School Testing Coordinator Kelly Bertholf ("Mrs. Bertholf") that she needed to ask her a question in private.

55.     Mrs. Bertholf responded by calling out "No. you will not. You will ask everyone. I'm not going to answer you!" She turned to everyone and said, "Everyone, wait so you can hear Ms. Howard's question! Ask! Ask!"



56.    After the session Plaintiff attempted again to speak with Mrs. Bertholf, who refused to answer her questions and spoke to her in a demeaning manner. Plaintiff filed a complaint against Mrs. Bertholf that night, which went ignored. The next morning, the Plaintiff was called into Mrs. Ajibola's office and told she was taken off testing because Mrs. Bertholf refused to work with her. When the Plaintiff questioned it, and told Mrs. Ajiobla that it was retaliation, Mrs. Ajibola stated, "Blame Dr. Dawson! He told me to do it."

57.    On August 11, 2021, Mr. Watson presented Plaintiff with a retaliatory written reprimand for two unsubstantiated grievances regarding her conduct during the aforementioned interviews. During that same meeting, the Plaintiff stated she did not make those comments. The principal, when asked by Mr. Watson, also stated she never heard the Plaintiff make those comments either. Mr. Watson continued to move forward with the written reprimand, stating, "Well, the two teachers feel you did say it."

58.    Mrs. Ajibola later informed Plaintiff that one grievance was dropped two days later, and the individual that filed the other grievance attempted to drop it but was prevented from doing so by Dr. Watson.

59.    She also told Plaintiff that both grievances were already found to be unsubstantiated by Mr. Watson prior to Plaintiff filing the complaint against Mrs. Bertholf. Plaintiff filed a rebuttal to remove her reprimand, which was ignored.

60.    On July 11, 2021, Plaintiff was taken off the interview committee because the two white teachers stated they did not feel comfortable with the Plaintiff being a part



of the committee. This was largely due to the false complaints filed by the two teachers by Willie Watson. There were no other committee members removed or investigated.

61.    On August 20, 2021, yet another false accusation was made against Plaintiff, this time by an Educational Associate, Portia Stallion. She falsely claimed that Plaintiff bragged about being the reason other employees were dismissed, threatened to get her in trouble and approved the release of confidential information about a student to every teacher in the school.

62.    On September 1, 2021, Ms. Stallion falsely accused Plaintiff of yelling at students, undermining her, putting fingers in students faces and talking poorly about staff to other staff members.

63.    On September 1, 2021, Plaintiff and her prior counsel, Mr. Tiger Hanner, ("Mr. Hanner") filed a Level II grievance requesting a removal of her reprimand, a copy of her personnel records and a transfer to another campus.  In that grievance, Plaintiff specifically discusses how she was being treated differently than "non-minority teachers from the campus."

64.    On September 17, 2021, Plaintiff later released Mr. Hanner as her counsel. She informed Mr. Watson she was withdrawing her request to move to another campus. Mr. Hanner also advised Mr. Watson of the Plaintiff's desire to withdraw her request to move to another campus. Despite this, on October 5, 2021, Plaintiff was transferred to Kelly Lane Middle School.



65.    Kelly Lane Middle School is a Non-Title One campus, majority white students, high socio-economic status, and radically different from Dessau Middle School, a Title-One campus, majority minority students, low socio-economic status, and Plaintiff did not feel comfortable in this new environment.

66.    On October 6, 2021, Mr. Watson emailed the Plaintiff asking her to drop her grievance. When she refused, he tried to force her to meet with him to hold a Level I Grievance, hosted by him. He additionally threatened to drop Plaintiff's case and falsely stated that Mr. Hanner did not make him aware she did not want to be moved.

67.    Mr. Watson continuously sent emails demanding that Plaintiff meet with him alone the following day, to which she naturally refused. He also refused to set Plaintiff's grievance at Level II, despite her request, or recuse himself despite being the subject of the grievance. Mr. Watson began showing up at Kelly Lane for weekly visits during the day and evening on a regular basis, to include evening games, walking the campus to speak with staff, to pass out PFISD information, and peruse the campus. The principal, other AP's, counselors, and teachers were all questioning why Mr. Watson was continually showing up unannounced at Kelly Lane so much. The principal stated in the nine years she had been in Kelly Lane she had never seen Mr. Watson on her campus that much. In fact, she stated Mr. Watson had been on her *campus more since Ms. Howard was transferred to Kelly Lane than he had been in the nine years she was principal.*



68.    On November 3, 2021, the hearing for Plaintiff's grievance began, presided over by Mr. Watson. He was repeatedly asked why he did not recuse himself, but he refused to answer.

69.    On November 17, 2021, Mr. Watson issued his decision and refused to transfer Plaintiff back to Dessau Middle School, issue an apology, or even allow a correction to Plaintiff's 2020 performance evaluation that was heavily influenced by the unsubstantiated complaints against her.

70.    On December 12, 2021, Plaintiff filed a Level II appeal.

71.    On January 20, 2022, a hearing for her appeal was held, but the Defendant still refused to provide Plaintiff all of the relief she sought.

72.    During her tenure at Kelly Lane Middle School, Plaintiff was subject to an unreasonably high workload resulting in stress, physical illness, and injuries to her back, legs, and feet. Plaintiff worked in fear of continually being fired, harassed, or retaliated against by PFISD, as Mr. Watson began to make frequent visits to Kelly Lane Middle School as a means to intimidate the Plaintiff with his presence. The Plaintiff was given a much larger work and task load than her peers, the other two white AP's, which was unfair and questioned by the Plaintiff.

73.    On June 27, 2022, because of continuous harassment, severe stress and intolerable working conditions that consequently resulted in the development of severe anxiety, depression, and endangered her health, Plaintiff had no choice but to resign from her position at Kelly Lane Middle School.



74.    On February 7, 2022, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission.

75.    The EEOC issued a right to sue on May 22, 2023 and 180 days have passed since the charge was filed with the Texas Workforce Commission.

76.    All conditions precedent to the bringing of this suit have been met.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 2000e-2

77.    Plaintiff incorporates paragraphs 1-73 as if restated herein.

78.    Plaintiff is a member of a protected class as she is an African American woman.

79.    Plaintiff was qualified for her position.

80.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements.

81.    Plaintiff also experienced an adverse action when she was left no choice but to resign due to working conditions that no reasonable person would have found tolerable.

82.    Similarly situated individuals were treated far more favorably than Plaintiff. Assistant Principals and other similar staff who were not of African American descent did not face such harassment, nor were they disciplined for unsubstantiated incidents, or threatened with discipline.

### V. SECOND CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 2000e-3

83.    Plaintiff incorporates paragraphs 1-79 as if restated herein.



84.    A protected activity entails any act of opposition towards a violation of the Civil Rights Act.

85.    Plaintiff engaged in a protected activity when, among other things detailed above, she opposed her differential treatment from "non-minority teachers at [the] campus."

86.    Pflugerville ISD was well aware of her complaints as she filed them within the district's internal complaint system.

87.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements, as well as being forced to resign.

88.    As described in the fact section above, a causal connection exists between these adverse actions and Plaintiff's protected activity.

## VI. THIRD CAUSE OF ACTION: VIOLATION OF TEXAS LABOR CODE CHAPTER 21.051

89.    Plaintiff incorporates paragraphs 1-85 as if restated herein.

90.    Plaintiff has exhausted all available administrative remedies having filed a claim with the Texas Workforce Commission on February 7, 2022, and more than 180 days have passed entitling her to a right to sue.

91.    Plaintiff is a member of a protected class as she is an African American woman.

92.    Plaintiff was qualified for her position.

93.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into



participating into humiliating acts such as the notorious "sliming" and constant verbal beratements.

94.    Plaintiff also experienced an adverse action when she was left no choice but to resign due to a work environment that no reasonable person would have found tolerable.

95.    As described above, similarly situated individuals were treated far more favorably than Plaintiff.

## VII. FOURTH CAUSE OF ACTION: VIOLATION OF TEXAS LABOR CODE CHAPTER 21.055

96.    Plaintiff incorporates paragraphs 1-92 as if restated herein.

97.    Plaintiff has exhausted all available administrative remedies having filed a claim with the Texas Workforce Commission on February 7, 2022 and 180 days have passed.

98.    Plaintiff engaged in a protected activity as she participated in a valid complaint process to report that she was being treated differently than non-minority teachers.

99.    Pflugerville ISD was well aware of her complaints as she filed them within the district's internal complaint system.

100.    Plaintiff experienced various adverse employment actions including but not limited to harassment, threats of termination and suspension, coercion into participating into humiliating acts such as the notorious "sliming" and constant verbal beratements, and was forced to resign.



101.   As described in the fact section above, a causal connection exists between these adverse actions and Plaintiff's protected activity.

## VII. JURY DEMAND

102.   Plaintiff demands trial by jury.

## IX. DAMAGES

103.   Plaintiff seeks all damages allowed under the law, including monetary relief like back pay, benefits, lost wages and:

(a)   Plaintiff seeks additional equitable relief as may be appropriate such as promotion, front pay, and court costs.

(b)   Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical expenses, and other nonpecuniary losses.

(c)   Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

(d)   Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,
WILEY WALSH, P.C.

By: _____ */s/ Maaz Asif* _____
Colin Walsh



Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of*
*Legal Specialization, Labor and Employment*
*Law*
Maaz Asif
Texas Bar No. 24135000

WILEY WALSH, P.C.
1011 San Jacinto Blvd., ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 201-1263
Colin@WileyWalsh.com
MAsif@RobWiley.com
ATTORNEYS FOR PLAINTIFF



## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 78946750
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Petition and Jury Demand-
Filed and signed by atty Maaz Asif- Env# 78946750
Status as of 8/28/2023 11:16 AM CST

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colin Walsh | | Colin@WileyWalsh.com | 8/25/2023 7:12:09 PM | SENT |
| Maaz Asif | | MAsif@RobWiley.com | 8/25/2023 7:12:09 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20___
LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY _____ DEPUTY

23-1634-C26

**ROBERT J. WILEY***
Attorney licensed in Texas and
Washington, D.C.

**COLIN W. WALSH***
Attorney licensed in Texas and
Washington, D.C.

**JAIRO CASTELLANOS***
Attorney licensed in Texas

**MAAZ ASIF**
Attorney licensed in Texas

*Board Certified Specialist, Labor and
Employment Law, Texas Board of Legal
Specialization

## Wiley Walsh, P.C.
### TRIAL ATTORNEYS

**WILEY WALSH, P.C.**
1011 San Jacinto Blvd.
Suite 401
Austin, Texas 78701

Telephone: (512) 271-5527
Facsimile: (512) 201-1263

www.wileywalsh.com

Filed: 8/25/2023 7:12 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

August 25, 2023

VIA E-FILING
Lisa David
Williamson County – 26th Judicial District Court

Re:     Trulunda Howard v. Pflugerville ISD – Case # 23-1634-C26

Dear Mrs. David:

Please issue a citation regarding the above named and numbered case for the following Defendants associated with this matter at:

Pflugerville Independent School District
Superintendent Dr. Douglas Killian
1401 W Pecan St,
Pflugerville, TX 78660–2518

Please send me the citation electronically, if possible, to MAsif@RobWiley.com and Colin@WileyWalsh.com or in hard copy to the following address:

Maaz Asif
1011 San Jacinto Blvd. Ste. 401
Austin, TX 78701

Colin Walsh
1011 San Jacinto Blvd. Ste. 401
Austin, TX 78701

If you have any questions or concerns, please do not hesitate to contact me.

Sincerely yours,
Wiley Walsh, P.C.

/s/ Maaz Asif
Maaz Asif

Envelope# 78946750



Page 2

MAsif@RobWiley.com
512.271.5527

cc: file



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 78946750
Filing Code Description: Amended Filing
Filing Description: Plaintiff's First Amended Petition and Jury Demand-Filed and signed by atty Maaz Asif- Env# 78946750
Status as of 8/28/2023 11:16 AM CST

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colin Walsh | | Colin@WileyWalsh.com | 8/25/2023 7:12:09 PM | SENT |
| Maaz Asif | | MAsif@RobWiley.com | 8/25/2023 7:12:09 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ Sept. 26 _____ AD, 20 23
LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY _____ DEPUTY



**Cealia Allen**

---

| | |
|---|---|
| **From:** | Cealia Allen |
| **Sent:** | Tuesday, August 29, 2023 1:54 PM |
| **To:** | masif@robwiley.com; colin@wileywalsh.com |
| **Subject:** | Service Documents for 23-1634-C26 Trulunda Howard vs. Pflugerville ISD |
| **Attachments:** | Williamson County Local Rules.pdf; Plaintiff's First Amended Petition and Jury Demand 8-29-2023 13.49.6 16926857 DE0BCC93-0FC4-48D4-B1C2-58E3BA089162.pdf; Citation, Pflugerville Independent School District.pdf |

| | |
|---|---|
| **Importance:** | High |

Hello,

Please see attached citation, issued to Pflugerville Independent School District, along with a copy of the Williamson County Local Rules and a file-stamped copy of the PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND both to be served in conjunction to the attached citation.

\*\*Please forward service documents to private process server or constable, as the service packet attached has not been served by the District Clerks office. \*\*

\*\*\*As of April 20, 2023:  ALL issuance will be returned to the attorney who requested the service.  The service packet will be emailed to the attorney's office, where they may in turn email to the processor of their choice. \*\*\*



**Cealia Allen**
Deputy District Clerk
Issuance/Protective Orders

office: 512-943-1212
fax:  512-943-1222
cealia.allen@wilco.org
405 Martin Luther King St., Georgetown, TX 78626
www.wilcotx.gov

CONFIDENTIALITY NOTICE: This communication (including any attached document) may contain information that is confidential, proprietary, and/or privileged.  The information is intended for the sole use of the indicated e-mail addressee(s).  If you are not an intended recipient of this communication, please be advised that any disclosure, copying, distribution, or other use of this communication or any attached document is strictly prohibited.  If you have received this communication in error, please notify the sender immediately by reply e-mail or by telephone at (512) 943-1212, and promptly destroy all electronic and printed copies of this communication and any attached document.  Thank you.



1

CITATION
THE STATE OF TEXAS, COUNTY OF WILLIAMSON
NO. 23-1634-C26

**TRULUNDA HOWARD VS. PFLUGERVILLE ISD**

TO:    Pflugerville Independent School District
        Superintendent Dr Douglas Killian
        1401 W Pecan St.
        Pflugerville, TX 78660-2518

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Attached is a copy of the PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND in the above styled and numbered cause, which was filed on the 25th day of August, 2023 in the 26th Judicial District Court of Williamson County, Texas.  This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office on this the 29th day of August, 2023.

ADDRESS OF LEAD ATTORNEY FOR
PETITIONER:
Maaz Asif
1011 San Jacinto Blvd
Ste 401
Austin TX 78701

*Lisa David, District Clerk*
PO Box 24, Georgetown, TX 78627
Williamson County, Texas
(512) 943-1212



BY:  *Cealia Allen*
        Cealia Allen, Deputy

**RETURN OF SERVICE**
Came to hand on the ____ day of _____,20__,at _____ o'clock __M. and executed at _____, within the
County of _____, Texas, at _____ o'clock __M. on the _____ day of _____, 20____, by delivering to the
within named _____, in person a true copy of this citation, with a true and correct copy of the
PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND attached thereto, having first endorsed on such copy of citation the date of delivery.
* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____
_____; for the following reason _____,
the defendant may be found at _____.
*Strike if not applicable.*
**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY**_____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE    BY: _____ DEPUTY
**FEE FOR SERVICE OF CITATION : $** ____

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is
      Please print.      (First, Middle, Last)
_____ (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____ day of _____, 20____
      _____                              _____
      Declarant/Authorized Process Server                              ID # & expiration of certification



**Cealia Allen**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| | <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@wilco.org> |
| **To:** | masif@robwiley.com |
| **Sent:** | Tuesday, August 29, 2023 1:54 PM |
| **Subject:** | Relayed: Service Documents for 23-1634-C26 Trulunda Howard vs. Pflugerville ISD |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

masif@robwiley.com (masif@robwiley.com)

Subject: Service Documents for 23-1634-C26 Trulunda Howard vs. Pflugerville ISD



Service
Documents for ...



1

**Cealia Allen**

| | |
|---|---|
| **From:** | Microsoft Outlook |
| | <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@wilco.org> |
| **To:** | colin@wileywalsh.com |
| **Sent:** | Tuesday, August 29, 2023 1:54 PM |
| **Subject:** | Relayed: Service Documents for 23-1634-C26 Trulunda Howard vs. Pflugerville ISD |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

colin@wileywalsh.com (colin@wileywalsh.com)

Subject: Service Documents for 23-1634-C26 Trulunda Howard vs. Pflugerville ISD



Service
Documents for ...

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20___

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY_____ DEPUTY

1

Filed: 9/26/2023 12:10 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| PFLUGERVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | 26th JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant Pflugerville Independent School District files this Motion to Transfer Venue in accordance with Texas Rules of Civil Procedure 86 and 87.  In support thereof, Defendant respectfully shows the Court as follows:

### I. RELEVANT FACTUAL BACKGROUND

Defendant files this motion to transfer venue and asks the Court to transfer this case from Williamson County, Texas to Travis County, Texas because Williamson County is not a proper county for venue.

Plaintiff sued Pflugerville ISD for alleged violations of 42 U.S.C. § 2000e-2, 42 U.S.C. § 2000e-3, Texas Labor Code Chapter 21.051, and Texas Labor Code Chapter 21.055.  (Pl's First Amend. Pet. §§ IV-VII).

Defendant is an independent public school district with its principal place of business in Travis County, Texas at 1401 W. Pecan Street, Pflugerville, Texas 78660.  (Pl's First Amend. Pet. ¶ 2; Exhibit 1, ¶ 2).

This Motion to Transfer Venue is Defendant's initial pleading.

- 1 -

Envelope# 79945337



In her Petition, Plaintiff stated she is a resident of Pflugerville, Texas (Pl's First Amend. Pet. ¶ 1), which is located in Travis County.

Plaintiff alleges that she was employed by Pflugerville ISD at the Dessau Middle School and Kelly Lane Middle School. (Pl's First Amend. Pet., ¶ 9, 64). Both Dessau Middle School and Kelly Lane Middle School are located in Travis County, Texas. (Exhibit 1, ¶ 3). Additionally, the Administration Building of the Pflugerville Independent School District, which is the principal office of the Pflugerville Independent School District at which the decision makers for the Pflugerville Independent School District conduct the daily affairs of the School District, is in Travis County, Texas. (Exhibit 1, ¶ 2).

All of Plaintiff's employment at the Pflugerville Independent School District, including the alleged actions or omissions about which she complains in this lawsuit, occurred in Travis County, Texas. (Exhibit 1, ¶ 4). Plaintiff was neither employed for the Pflugerville Independent School District (PISD) in Williamson County, Texas nor is the PISD Administration Building located in Williamson County, Texas. (Exhibit 1, ¶ 4). No events regarding Plaintiff's employment occurred in Williamson County, Texas. (Exhibit 1, ¶ 4).

Plaintiff alleged no facts, well-pleaded or otherwise, showing that this lawsuit has a proper venue in Williamson County. Instead, the entirety of her allegations suggest venue is only proper in Travis County. She simply asserts, "Venue is appropriate because the acts giving rise to this lawsuit occurred within the Williamson County." (Pl's First Amend. Pet. ¶ 8). However, there are no factual allegations of any events occurring in Williamson County. Moreover, no events regarding Plaintiff's employment occurred in Williamson County, Texas. (Exhibit 1, ¶ 4).

Defendant further denies that venue is proper in Williamson County and specifically denies



that a substantial part of the events or omissions giving rise to Plaintiff's claim, or any events, occurred in Williamson County.

## II. Venue is Proper in Travis County

It is well established under Texas law that the plaintiff in a lawsuit has the first choice of venue by virtue of filing suit. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). In this case, Plaintiff claims venue is proper in Williamson County, Texas because "the acts giving rise to this lawsuit occurred within the [sic] Williamson County." (Pl's First Amend. Pet. ¶ 8). While the Texas Civil Practices & Remedies Code does provide that, absent a mandatory venue provision, a lawsuit shall be brought in the county where all or a substantial part of the events or omissions giving rise to the claim occurred, Williamson County, Texas is not such a county for purposes of Plaintiff's lawsuit. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

Plaintiff's Petition is devoid of any factual allegations establishing that Williamson County is the proper venue in this matter. Instead, as Plaintiff pleaded in her Original Petition, Defendant is located in Pflugerville, Texas. Thus, venue is proper in Travis County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

As such, Pflugerville ISD challenges Plaintiff's venue selection, and requests that the lawsuit be transferred to Travis County, Texas. Tex. R. Civ. P. 86-87. While Defendant challenges venue in this matter, Plaintiff bears the burden of establishing that venue is proper in Williamson County, Texas. *Id.* at Rule 87(2)(a); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). Because Plaintiff cannot make this showing, the Court must transfer the action to a county of proper venue. *In re Team Rocket*, 256 S.W.3d 257, 259 (Tex. 2008); Tex. Civ. Prac. & Rem. Code § 15.063(1). More specifically, the Court must transfer the action to the venue requested by Defendant, provided

- 3 -



that the requested venue is proper under the Texas Civil Practices & Remedies Code. *See In re Masonite Corp.*, 997 S.W.2d at 198 (noting that "the plaintiffs had the first choice, but not the second, of a proper venue"). Travis County is the county of proper venue under the general venue rule because it is the county of Defendant's principal office and is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(1) and 15.002(a)(3).

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court set its Motion to Transfer Venue for hearing, providing no less than 45 days' notice to Plaintiff and, after the hearing, grant Defendant's motion and transfer the case to Travis County, Texas, with all associated costs taxed against Plaintiff to accomplish this transfer. TEX. R. CIV. P. 87 and 89. Defendant requests any other relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800
WALSH GALLEGOS TREVIÑO
  KYLE & ROBINSON P.C.
P. O. Box 2156
Austin, Texas  78768
Office:        (512) 454-6864
Fax:           (512) 467-9318
Email:         brobinson@wabsa.com


ATTORNEYS FOR DEFENDANT
PFLUGERVILLE INDEPENDENT SCHOOL
DISTRICT

- 4 -



## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using an CM/ECF system which will send notification of such filing to the following:

Maaz Asif
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste 401
Austin, TX 78701
Telephone: (512)271-5527
masif@robwiley.com

*/s/ Bridget Robinson*
BRIDGET ROBINSON

- 5 -



CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD,<br>        Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | WILLIAMSON COUNTY, TEXAS |
| PFLUGERVILLE INDEPENDENT<br>SCHOOL DISTRICT,<br>        Defendant | §<br>§<br>§<br>§ | 26th JUDICIAL DISTRICT |

### AFFIDAVIT OF BRANDY BAKER

| | |
|---|---|
| STATE OF TEXAS | §<br>§ |
| TRAVIS COUNTY | § |

BEFORE ME, the undersigned authority, on this day personally appeared Brandy Baker, known to me to be the person whose signature appears below, and having been by me duly sworn, stated on oath as follows:

1.      "My name is Brandy Baker. I am over 18 years of age. I have never been convicted of a felony or crime of moral turpitude, and I am personally competent to make this declaration. I have personal knowledge of all facts stated in this declaration, and they are true and correct.

2.      I am currently employed as the Chief of Staff for Pflugerville Independent School District. The Administration Building of the Pflugerville Independent School District is located at 1401 W. Pecan Street, Pflugerville, Texas 78660. The Administration Building of the Pflugerville Independent School District is the principal office of the Pflugerville Independent School District at which the decision makers for the Pflugerville Independent School District conduct the daily affairs of the School District. The Administration Building of the Pflugerville Independent School District is in Travis County, Texas.

3.      The campuses where Ms. Howard worked while employed with the Pflugerville



Independent School District were Dessau Middle School and Kelly Lane Middle School. Both Dessau Middle School and Kelly Lane Middle School are located in Travis County, Texas.

4.    Ms. Howard's employment at the Pflugerville Independent School District all occurred in Travis County, Texas. Ms. Howard was neither employed for the Pflugerville Independent School District (PISD) in Williamson County, Texas nor is the PISD Administration Building located in Williamson County, Texas. No events regarding Ms. Howard's employment occurred in Williamson County, Texas."

FURTHER, THE AFFIANT SAYETH NOT.



BRANDY BAKER
CHIEF OF STAFF
PFLUGERVILLE    INDEPENDENT    SCHOOL
DISTRICT

SUBSCRIBED AND SWORN TO BEFORE ME by the said Brandy Baker on this 27th day of September, 2023, to certify which witness my hand and official seal.

SHARI L. THORN
My Notary ID # 10041476
Expires March 3, 2027

Notary Public, State of Texas

-2-



EXHIBIT 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Sorendo on behalf of Bridget Robinson
Bar No. 17086800
asorendo@wabsa.com
Envelope ID: 79945337
Filing Code Description: Motion to Transfer
Filing Description: Defendant's Motion to Transfer Venue- Filed and signed by atty Bridget Robinson- Env# 79945337
Status as of 9/26/2023 1:25 PM CST

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colin Walsh | | Colin@WileyWalsh.com | 9/26/2023 12:10:30 PM | SENT |
| Maaz Asif | | MAsif@RobWiley.com | 9/26/2023 12:10:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Sorendo | | asorendo@wabsa.com | 9/26/2023 12:10:30 PM | SENT |
| Bridget Robinson | | brobinson@wabsa.com | 9/26/2023 12:10:30 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20__

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY_____ DEPUTY

CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| PFLUGERVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant | § | 26th JUDICIAL DISTRICT |

## **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

On this day came to be heard Defendant Pflugerville Independent School District's Motion to Transfer Venue. Following consideration of the pleadings of the parties and the arguments presented at the hearing, the Court is of the opinion that Defendant's Motion to Transfer Venue is meritorious.

It is therefore ORDERED that Defendant Pflugerville Independent School District's Motion to Transfer Venue be, and it hereby is, GRANTED. This case is hereby TRANSFERRED to Travis County, Texas. It is further ORDERED that all associated costs and filing fees shall be paid by Plaintiff.

SIGNED on this _____ day of _____, 2023.

_____

JUDGE PRESIDING

Envelope# 79945337



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Sorendo on behalf of Bridget Robinson
Bar No. 17086800
asorendo@wabsa.com
Envelope ID: 79945337
Filing Code Description: Motion to Transfer
Filing Description: Defendant's Motion to Transfer Venue- Filed and signed by atty Bridget Robinson- Env# 79945337
Status as of 9/26/2023 1:25 PM CST

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colin Walsh | | Colin@WileyWalsh.com | 9/26/2023 12:10:30 PM | SENT |
| Maaz Asif | | MAsif@RobWiley.com | 9/26/2023 12:10:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Sorendo | | asorendo@wabsa.com | 9/26/2023 12:10:30 PM | SENT |
| Bridget Robinson | | brobinson@wabsa.com | 9/26/2023 12:10:30 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ Sept. 26 _____ AD, 20 23

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY _____ DEPUTY

Filed: 9/26/2023 12:16 PM
Lisa David, District Clerk
Williamson County, Texas
Jennifer Sims

CAUSE NO. 23-1634-C26

| | | |
|---|---|---|
| TRULUNDA HOWARD, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | 1. | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| PFLUGERVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| Defendant | § | 26ᵗʰ JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER
## SUBJECT TO ITS MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pflugerville Independent School District ("Pflugerville ISD" or

"PISD") and files its Original Answer Subject to its Motion to Transfer Venue in response to

Plaintiff's First Amended Petition.  In support of its Original Answer Subject to its Motion to

Transfer Venue, Defendant shows the Court as follows:

### I.

### ORIGINAL ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each

and every allegation in Plaintiff's First Amended Petition and any subsequent amendments thereto

and demands strict proof thereof sufficient to satisfy Plaintiff's burden of proof.

### II.

### ENTITLEMENTS AND DEFENSES

2.      Defendant Pflugerville ISD asserts its entitlement to sovereign immunity and

Eleventh Amendment immunity for any and all claims brought against it.  Defendant Pflugerville

ISD is a unit of government in a political subdivision of the state and as such, is protected from

Envelope# 79945713



liability by the doctrines of sovereign or governmental immunity and Eleventh Amendment immunity.

3.    Defendant claims its entitlement to the defenses of waiver, estoppel, failure to file within the statute of limitations, failure to exhaust administrative remedies, failure to timely initiate administrative remedies, and after-acquired evidence for all claims asserted against it.

4.    Defendant further asserts that Plaintiff failed to mitigate her damages by seeking and/or obtaining further employment following her resignation from Defendant.

5.    Defendant asserts that Plaintiff's failure to establish each element of her asserted causes of action deprives this Court of jurisdiction over Plaintiff's claims.

6.    Defendant asserts that any challenged action, practice, or policy is job-related and reasonably necessary to business operations.

7.    Defendant asserts that any challenged action, practice or policy was taken for a valid, non-discriminatory, non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

8.    Defendant specifically denies that all jurisdictional prerequisites have been met by Plaintiff.  Defendant also denies that all conditions precedent to the filing of this suit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

9.    Defendant asserts that Plaintiff's failure to timely initiate administrative remedies, failure to exhaust administrative remedies, and / or failure to timely file suit following the exhaustion of administrative remedies and receipt of a notice of right to sue deprives this Court of jurisdiction over Plaintiff's claims.



10.    Defendant specifically asserts that Plaintiff has failed to timely initiate, pursue, and exhaust administrative remedies.

11.    Even if Plaintiff could meet her burden of proof (which Defendant denies), Defendant affirmatively states that it would have taken the action against Plaintiff that forms the basis of this suit based solely on information, observation, or evidence that is not related to any alleged protected activity.

12.    Defendant asserts lack of jurisdiction, in whole or part, over the cause of action asserted by Plaintiff, for which immunity has not been waived.

13.    Defendant asserts lack of jurisdiction, or alternatively, its entitlement to summary judgement, due to Plaintiff's failure to file suit within the applicable statute of limitations.

14.    Defendant affirmatively asserts that there has been no waiver of Defendant's immunities in this case.  Defendant also asserts that the Court lacks jurisdiction as result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were timely initiated and timely exhausted.  Alternatively, Defendant is entitled to summary judgment on Plaintiff's claims.

15.    Defendant asserts that Plaintiff's failure to identify a custom, policy, practice, or procedure of the District that was the moving force behind the alleged violation is fatal to this case.

16.    Defendant denies the existence of any custom, practice, or policy which was violated that did or could have led to the actions about which Plaintiff complains in this lawsuit but which Defendant denies.

17.    Defendant asserts that Plaintiff's failure to identify a policymaker for the District whose actions constituted the policy of the District and caused the alleged injury is fatal to this case.

- 3 -



18.     Defendant denies that Plaintiff was subjected to a pattern, practice, discrimination, retaliation, or any treatment by Defendant in violation of any legal provision.

19.     Defendant specifically asserts that Plaintiff cannot state a cause of action for discrimination or retaliation because Plaintiff cannot establish the elements necessary to state a cause of action for discrimination or retaliation.

20.     Additionally, even if Plaintiff could establish the elements necessary to state a claim (which Defendant denies), Defendant asserts its entitlement to the affirmative defenses under *Ellerth, Faragher*, and their progeny. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998). Moreover, Defendant asserts that: (1) it exercised reasonable care to prevent and correct promptly any discriminatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

21.     Defendant denies the existence of any custom, practice, or policy which was violated that did or could have led to the actions Plaintiff complains of in this lawsuit but which Defendant denies.

22.     Defendant asserts that Plaintiff voluntarily resigned her employment with Defendant.

23.     Defendant asserts that no impermissible basis was a motivating factor in any employment action or decision regarding Plaintiff.

24.     Defendant asserts that its liability, if any, and Plaintiff's damages, if any, are limited due to Plaintiff's actions.

25.     Defendant asserts all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

26.     Defendant asserts the mandatory cap on damages imposed by 42 U.S.C. § 1981a.

- 4 -



27.     Defendant asserts the statutory limitations of liability and the statutory limitations of damages imposed by 42 U.S.C. § 2000e-5.

28.     Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

29.     Defendant asserts its entitlement to recover its attorneys' fees and costs incurred in defending this matter.  Further, Defendant would show that all or a portion of Plaintiff's claims are frivolous, unreasonable, and without foundation.  Defendant therefore seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to TEX. EDUC. CODE ANN. § 11.161 (Vernon 2017).  Moreover, Defendant seeks recovery of reasonable attorneys' fees and costs incurred by reason of Plaintiff's suit pursuant to the Texas Rules of Civil Procedure, common law, and judicial interpretation.

30.     Defendant claims its entitlement to recover attorneys' fees and costs of suit pursuant to FED. R. CIV. P. 54, 42 U.S.C. § 1988, TEX. EDUC. CODE ANN. § 11.161, the Texas Rules of Civil Procedure, the Federal Rules of Civil Procedure, and judicial interpretation.

31.     Defendant denies that Plaintiff is entitled to any form of relief, including but not limited to damages, equitable relief, attorney's fees, interest, or costs.

## III.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit; that Defendant recover all costs and attorneys' fees herein expended; and that Defendant be awarded all such other and further relief, both general and specific, at law or in equity, to which it may be entitled.

- 5 -



Respectfully submitted,

*/s/ Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800
WALSH GALLEGOS TREVIÑO
    KYLE & ROBINSON P.C.
P. O. Box 2156
Austin, Texas  78768
Office:          (512) 454-6864
Fax:             (512) 467-9318
Email:           brobinson@wabsa.com


ATTORNEYS FOR DEFENDANT
PFLUGERVILLE    INDEPENDENT    SCHOOL

DISTRICT

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing

with the Clerk of the Court using an CM/ECF system which will send notification of such filing to

the following:

Maaz Asif
WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste 401
Austin, TX 78701
Telephone: (512)271-5527
masif@robwiley.com


*/s/ Bridget Robinson*
BRIDGET ROBINSON


- 6 -



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Sorendo on behalf of Bridget Robinson
Bar No. 17086800
asorendo@wabsa.com
Envelope ID: 79945713
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer Subject to it's Motion to Transfer Venue- Env# 79945713
Status as of 9/26/2023 1:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Bridget Robinson | | brobinson@wabsa.com | 9/26/2023 12:16:22 PM | SENT |
| Amy Sorendo | | asorendo@wabsa.com | 9/26/2023 12:16:22 PM | SENT |

Associated Case Party: Trulunda Howard

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Colin Walsh | | Colin@WileyWalsh.com | 9/26/2023 12:16:22 PM | SENT |
| Maaz Asif | | MAsif@RobWiley.com | 9/26/2023 12:16:22 PM | SENT |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20 23

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY
BY _____ DEPUTY

# CASE SUMMARY
## CASE NO. 23-1634-C26

| Trulunda Howard vs. Pflugerville ISD | § § § § | Location: | **26th Judicial District Court** |
| | | Judicial Officer: | **King, Donna** |
| | | Filed on: | **08/21/2023** |

---

### CASE INFORMATION

Case Type: **Other - Civil**

Case Status: **08/21/2023    Filed**

Case Flags: **Jury Demand**

---

| DATE | CASE ASSIGNMENT |
| --- | --- |
| | **Current Case Assignment** |
| | Case Number           23-1634-C26 |
| | Court                      26th Judicial District Court |
| | Date Assigned         08/21/2023 |
| | Judicial Officer       King, Donna |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
| --- | --- | --- |
| **Plaintiff** | **Howard, Trulunda** | **Asif, Maaz** |
| | | *Retained* |
| | | 512-271-5527(H) |
| | | |
| **Defendant** | **Pflugerville Independent School District** | **Robinson, Bridget** |
| | | *Retained* |
| | | 512-454-6864(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
| --- | --- | --- |
| 08/21/2023 | Original Petition (OCA) | |
| | *Plaintiffs Original Petition and Jury Demand filed by Maaz Asif atty -EV# 78748215* | |
| 08/21/2023 | Jury Demand | |
| 08/25/2023 | First Amended | |
| | *Plaintiff's First Amended Petition and Jury Demand- Filed and signed by atty Maaz Asif- Env# 78946750* | |
| 08/25/2023 | Request for Issuance | |
| | *Env# 78946750- Sent to queue* | |
| 08/29/2023 | **Citation** | |
| | Pflugerville Independent School District | |
| | Unserved | |
| | *Emailed citation to masif@robwiley.com and colin@wileywalsh.com -ca* | |
| 09/26/2023 | Motion to Transfer | |
| | *Defendant's Motion to Transfer Venue- Filed and signed by atty Bridget Robinson- Env# 79945337* | |
| 09/26/2023 | Proposed Order | |
| | *Granting Defendant's Motion to Transfer Venue- Env# 79945337- Sent to queue* | |



*Printed on 09/26/2023 at 4:18 PM*

# CASE SUMMARY
## CASE NO. 23-1634-C26

| | |
|---|---|
| 09/26/2023 | 📄 Defendant's Original Answer<br>*Subject to it's Motion to Transfer Venue- Env# 79945713* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant**  Pflugerville Independent School District
| | |
|---|---|
| Total Charges | 65.00 |
| Total Payments and Credits | 65.00 |
| **Balance Due as of  9/26/2023** | **0.00** |

**Plaintiff**  Howard, Trulunda
| | |
|---|---|
| Total Charges | 366.00 |
| Total Payments and Credits | 366.00 |
| **Balance Due as of  9/26/2023** | **0.00** |

STATE OF TEXAS
COUNTY OF WILLIAMSON
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY.
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATE _____ AD, 20____

LISA DAVID
DISTRICT CLERK OF WILLIAMSON COUNTY

BY _____ DEPUTY